IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TEMPIE ANN BELL, ) ) Plaintiff, ) ) v. ) ) ERIC K. SHINSEKI, SECRETARY, U.S. ) DEPARTMENT OF VETERANS AFFAIRS, ) ) Defendant. ) | **MEMORANDUM OPINION AND RECOMMENDATION** 1:10CV475 |

This matter is before the court to determine whether the derivative jurisdiction doctrine applies in this case, and whether the case should be dismissed, sua sponte, for lack of subject matter jurisdiction. This matter was originally referred to the undersigned on a motion for a more definite statement filed by Defendant (docket no. 9). Both parties were directed to submit briefs addressing the application of the derivative jurisdiction doctrine, and they have done so. For the following reasons, it will be recommended that the court dismiss this action, sua sponte, without prejudice.

**BACKGROUND**

Plaintiff initiated this breach of contract action on May 20, 2010, in North Carolina state court. This dispute concerns whether Defendant, Eric K. Shinseki, Secretary, U.S. Department of Veterans Affairs ("DVA"), Plaintiff's employer, breached a settlement agreement by reassigning Plaintiff. Through this action, Plaintiff seeks: (1) a declaratory judgement, holding that Defendant breached the

settlement agreement; (2) an injunction, preventing Defendant from further breaches; (3) damages, as permitted by law; (4) a jury trial "of all issues so triable;" (5) to "[t]ax the costs to Defendant;" and (6) an order that whatever additional relief to which Plaintiff is entitled through law or equity, as the court may deem appropriate, be paid. (Compl. 4.)

On June 21, 2010, the United States removed the action to this court pursuant to 28 U.S.C. § 1442. *See* Notice of Removal, p.2 (docket no. 1). The United States now argues that based on the derivative jurisdiction doctrine, this court may not exercise jurisdiction over Plaintiff's claim. (Def. Resp. Br. at 2.) For the reasons set out below, I agree.

**DISCUSSION**

The doctrine of derivative jurisdiction requires federal courts, when presented with a case which originated in state court, but was removed pursuant to 28 U.S.C. § 1442, to dismiss the case if the state court lacked subject matter jurisdiction. *See Palmer v. City Nat'l Bank*, 498 F.3d 236, 244-46 (4th Cir. 2007) (upholding the applicability of the doctrine of derivative jurisdiction, in spite of amendment to 28 U.S.C. § 1441(e) (now 28 U.S.C. § 1441(f)). "In short, where the state court lacked jurisdiction over the claim giving rise to the removal, 'the federal court acquires none[;] although in a like suit originally brought in federal court[,] it would have had jurisdiction.'" *Cox v. Hegvet*, Civil No. 08-00415-C-EJL, 2009 WL 1407009, at *5 (D. Idaho May 19, 2009) (quoting *Minnesota v. United States*, 305 U.S. 382, 389

2

(1939)). As a result, upon removal based on 28 U.S.C. § 1442, federal courts must determine whether the state court in which the case originated had subject matter jurisdiction; and if it did not, the claim must be dismissed. *See id.* (applying the derivative jurisdiction doctrine).

Here, Defendant contends that because the state court could not exercise subject matter jurisdiction over it, neither may the federal court.

> It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued," and hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Sovereign immunity extends to both the United States as well as its agencies. *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

*Cox v. Hegvet*, 2009 WL 1407009, at *6. The United States, and in turn its agency Defendant DVA, enjoys sovereign immunity from suit in state court unless otherwise waived. Accepting this, Defendant contends that as "there is no waiver of sovereign immunity which would allow Plaintiff to assert the claims raised in her Complaint in state court," the derivative jurisdiction doctrine requires this court to dismiss. (Def. Resp. Br. at 2.) As Plaintiff offers no authority pointing to the contrary, this court accepts Defendant's contention that Defendant DVA enjoys immunity from suit in North Carolina state courts.

Plaintiff does not dispute that the doctrine of derivative jurisdiction is good law in the Fourth Circuit. (Pl. Resp. Br. at 2.) Despite this, she contends that this court "should" have the authority to enforce the settlement agreement, and encourages

3

this court to exercise jurisdiction over it. *Id.* Although this court agrees that exercising jurisdiction might promote judicial efficiency, the Supreme Court has made clear that "[f]ederal courts are courts of limited jurisdiction. . . . [possessing] only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). As such, this court is required to dismiss this case under the doctrine of derivative jurisdiction.

**CONCLUSION**

For the reasons stated herein, it is **RECOMMENDED** that the district court dismiss this case, sua sponte, without prejudice. To the extent that the district court adopts this Recommendation, Defendant's pending motion for a more definite statement (docket no. 9) will be rendered moot.

_____
WALLACE W. DIXON
United States Magistrate Judge

November 10, 2010